AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | |
|---|---|
| United States of America<br>v.<br>Jose Rivas<br><br>*Defendant(s)* | Case No. 25-mj-4023 (MJS) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **February 6, 2025** in the county of **Camden** in the
_____ District of **New Jersey**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 841(a)(1) and (b)(1)(C) | See Attachment A |

This criminal complaint is based on these facts:

See Attachment B

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Christopher Nielsen, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: **4-29-25**

_____
*Judge's signature*

City and state: **Camden, New Jesrey**        Hon. Matthew J. Skahill, USMJ
*Printed name and title*

CONTENTS APPROVED
UNITED STATES ATTORNEY

By: *Andrew B. Johns*
Andrew B. Johns
Assistant U.S. Attorney

Date: April 29, 2025

## ATTACHMENT A

### COUNT ONE

<u>Distribution of Fentanyl</u>

On or about February 6, 2025, in Camden County, in the District of New Jersey, and elsewhere, the defendant,

JOSE RIVAS,

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]propenamide (fentanyl), a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## ATTACHMENT B

1. I, Christopher Nielsen, am a Special Agent with the Drug Enforcement Administration (DEA). The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested Criminal Complaint and does not set forth all of my knowledge about this matter nor does it identify all information known by the Government concerning this investigation. Except as otherwise indicated, the actions, conversations, and statements of others identified in this Affidavit are reported in substance and in part. Similarly, where events are described with references to dates and times, the events should be read as having occurred on or about or at or about the date and time referenced.

2. On February 6, 2025, an undercover law enforcement officer ("the UC") purchased ten bags of fentanyl from JOSE RIVAS. The UC parked their vehicle near the intersection of Chestnut Street and Third Street in Camden, New Jersey. The UC then walked to the 300 block of Chestnut Street and observed RIVAS, who appeared to be engaged in drug trafficking activities. The UC then approached RIVAS and asked for ten bags of drugs for $100. RIVAS then sold the UC ten small clear zip-lock-style bags, each containing a blue wax fold. Each wax fold contained a white powdery substance. The UC gave RIVAS $100 in exchange for the ten bags of suspected drugs.

3. After purchasing the drugs, the UC returned to their vehicle and drove away from the area to a preplanned debriefing location. There, the UC the turned over the suspected narcotics they had purchased from RIVAS to other law enforcement agents. Later laboratory testing confirmed that the suspected drugs in fact contained both fentanyl and heroin.